# Gott, Jailer of McCracken County v. City of Paducah, et al.

(Decided May 1, 1925.)

## Appeal from McCracken Circuit Court.

Prisons—County Jailer Not Entitled to Fees Lost by Commitment of Prohibition Law Violators to City Jail by Police Court.— In view of Ky. Stats., sections 1730, 3151, 3155, county jailer cannot recover from second class city fees lost by commitment to city jail of persons convicted in police court of violating Prohibition Law, Acts 1922, c. 33 (Ky. Stats., section 2554a et seq.); provision of Ky. Stats., section 2554a-2, for imprisonment in county jail, being merely directory.

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

A Y. MARTIN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant was the unsuccessful plaintiff below. He began this suit against the city of Paducah, the judge of the Paducah police court, the chief of police of Paducah, and the keeper of the Paducah city jail, alleging in his petition that he is the duly elected, qualified and acting jailer of McCracken county, and entitled to all the benefits, privileges and emoluments of that office. He insists that it is the duty of the city of Paducah and its co-defendants to commit to him as the keeper of the county jail parties convicted of violating what is known as the

prohibition law, same being chapter 33 of the Acts of 1922, and being found in the Kentucky Statutes under the various subsections of section 2554a. He says that it is provided by section 2 of that act, section 2554a-2, Kentucky Statutes, and by other sections of that act, that offenders shall, in addition to the fine imposed upon them, be confined in the county jail. He charges that it is the custom and practice of the city of Paducah and its co-defendants to commit persons convicted of violating that act to the city jail, and not to the county jail, of which plaintiff is the keeper, and that by so doing, the plaintiff is deprived of his right to keep these prisoners and of the fees that would be due him therefor.

The trial court sustained a demurrer to his petition, and he has appealed. In section 1730 of the statutes, we find:

> "The fees of the jailer shall be . . . paid out of the county levy, unless confined . . . for violation of a statute, where the city or town gets the benefit of the fine; in that case to be paid by such city or town."

Section 3155 of the statutes provides that in cities of the second class, all fines and penalties and costs collected in the police court shall be for the use and benefit of the city, and by section 3151, the legislature has made this provision regarding the imprisonment of parties convicted in the police court of second class cities:

> "That all persons committed by said court for default of surety for good behavior or to keep the peace, and all others whom the city is bound to maintain when committed to jail, shall be confined in the city workhouse or prison, . . . "

The purpose of the legislature was to provide that parties convicted of violating the prohibition law should, in addition to the fine imposed upon them, suffer an imprisonment. The provision that this imprisonment should be in the county jail was directory, and not mandatory. The thing with which the legislature was concerned was the certainty of imprisonment, not the place of imprisonment; hence the trial court did not err in sustaining the demurrer to the plaintiff's petition, and it is affirmed.